## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| THIRPLUS TINO MOOSE BEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.   1:16-cv-01403-JBM |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER & OPINION

The matter before the Court is Petitioner, Thirplus Tino Moose Bey's, "Emergency Petition for Constitutional Writ of Habeas Corpus." For the reasons set forth below, Petitioner's Request for Writ (Doc. 1) is denied. Furthermore, Petitioner is sanctioned $500 for filing another frivolous habeas petition against this Court's previous warning.

### BACKGROUND

Petitioner pleaded guilty to conspiracy to commit bank robbery (Count 1), armed bank robbery with forcible restraint (Count 2), and using and carrying a firearm during and in relation to a crime of violence (Count 5). Petitioner was sentenced by the United States District Court for the Western District of Missouri to a total of 420 months of incarceration.[1] Under the terms of the plea agreement,

---

[1] Petitioner received a 60 month sentence on Count 1 to be served concurrently with Counts 2 and 5. Petitioner received a 300 month sentence on Count 2 to be served consecutively with Count 5. Petitioner received a 120 month sentence on Count 5 to be served consecutively with Count 2. This equals a total of 420 months of incarceration.

Petitioner waived his right to appeal his conviction or sentence, and the waiver was upheld on direct appeal.

On August 9, 2016, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. *Moose v. United States*, No. 16-cv-01296-JES (C.D. Ill. Aug. 19, 2016). The petition raised several challenges to the jurisdiction of the United States to indict, sentence, or imprison him; all of the challenges were based on his status as a "Private Aboriginal Indigenous Moorish American National . . . of sentient capacity . . . ." *Id.*

On August 19, 2016, the Court denied Petitioner's frivolous petition, because the laws of the United States apply to all persons within its borders. *Id.* (*citing United States v. Phillips*, 326 F. App'x 400 (7th Cir. 2009) (noting that district courts have jurisdiction over defendants brought on charges of violations of federal law and rejecting "sovereign citizen" arguments as frivolous)).

On September 15, 2016, less than a month after the Court rejected Petitioner's § 2241 claim, Petitioner filed an "Emergency Petition for Constitutional Writ of Habeas Corpus" pursuant to 28 U.S.C. § 2242. Again, Petitioner made frivolous "sovereign citizen" claims.[2] Again, the Court denied Petitioner's claims. Additionally, the Court warned Petitioner that making future "sovereign citizen" claims would result in the type of sanctions imposed by the Seventh Circuit Court of Appeals in

---

[2] "Sovereign citizen" claims are claims from individuals who believe that even though they physically reside in the United States that they are sovereign from the country and therefore, they do not have to answer to governmental authority, including the courts. Domestic Terrorism: The Sovereign Citizen Movement, FBI (Apr. 13, 2010), https://archives.fbi.gov/archives/news/stories/2010/april/sovereigncitizens_041310/domestic-terrorism-the-sovereign-citizen-movement.

*Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997). *Moose v. United States*, No. 16-cv-01347 (C.D. Ill Sept. 28, 2016).

Nineteen days after receiving his warning from the Court, on October 17, 2016, Petitioner filed this current habeas corpus Petition. Again, his Petition consists of "sovereign citizen" ramblings that are nonsensical and contain no legal merit. Again he claims that there was no jurisdiction over him during his arrest, sentencing, or confinement because he believes that the "Governor of Missouri Republic must consent to cession of jurisdiction." (Doc 1 at 6).

## LEGAL STANDARD

*Pro se* pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Ambrose v. Roeckeman*, 749 F.3d 615, 618 (7th Cir. 2014). However, a court must still decide whether a petition adequately presents the legal and factual basis for a claim. *Id.*

A petitioner may seek habeas corpus relief under 28 U.S.C. § 2241, 2254, or 2255, depending on the circumstances. Petitioner has filed his petition for a Writ of Habeas Corpus, but does not specify the type of relief he seeks. This Court, in its discretion, applies the Rules Governing Section 2254 Cases in the United States District Courts to all cases that purport to be brought under Chapter 153 of Title 28 of the United States Code that are not explicitly brought under 28 U.S.C. §§ 2254 and 2255. *See* Rules Governing Section 2254 Cases in the United States District Courts, R 1(b); *see also Poe v. United States*, 468 F.3d 473, 477 n. 6 (7th Cir. 2006); *Hudson v. Helman*, 948 F. Supp. 810, 811 (C.D. Ill. 1996) (holding Rule 4 takes precedence over

3

28 U.S.C. § 2243's deadlines and gives a court discretion to set deadlines). This includes Rule 4, which requires that the Court "promptly examine" the Petition, and dismiss it if it "plainly appears . . . that the petitioner is not entitled to relief."

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has examined the Petition and determined Petitioner is not entitled to habeas corpus relief.

## ANALYSIS

By claiming he is a "sovereign citizen," the Petitioner has provided no legal claims on which to proceed for a habeas petition and his petition must be denied. For at least 25 years, courts have summarily rejected claims by sovereign citizens. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (collecting cases that reject the "sovereign citizen" argument as frivolous).

The United States Court of Appeals for the Seventh Circuit has instructed district courts to "summarily reject" the "worn argument that a defendant is sovereign." *Moose*, No. 16-cv-01296-JES (citing *Benabe*, 654 F.3d at 767). Petitioner insists that the courts had no jurisdiction over him because the Governor of Missouri did not give consent or cessation to the United States Government. (Doc. 1-1 at 19). However, it has been clearly established that the laws of the United States apply to all persons within its borders and this includes the Petitioner. *Phillips*, 326 F. App'x at 400. *See also Benabe*, 654 F.3d at 767 (announcing that regardless of an individual's claimed status of descent, that person is not beyond the jurisdiction of the courts); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (explaining that "sovereign citizen" arguments have "no conceivable validity in

American law). Therefore, the Petitioner was under the jurisdiction of the United States and his "sovereign citizen" arguments fail.

### SANCTIONS

In the Court's last rejection of Petitioner's "sovereign citizen" claims, the Court warned Petitioner that if he chose to file another "sovereign citizen" habeas petition, he would be subject to sanctions like those imposed by the Seventh Circuit Court of Appeals in *Alexander v. United States. Moose*, No. 16-cv-01347. Petitioner chose not to heed the Court's warning and filed the instant frivolous Petition. Therefore, the Court assesses the following *Alexander* sanctions:

1. A $500 fine is assessed. The Bureau of Prisons will be notified of this fine.

2. A *Mack* order is entered. *Support Sys. Int'l v. Mack*, 45 F.3d 185 (7th Cir. 1995). This requires Petitioner's fine to be paid before he can file any future civil litigation. Until Petitioner pays the amount in full to the clerk of this Court, clerks of all courts within this circuit will return, unfiled, any papers he tenders.

3. Petitioner's future habeas corpus petitions will be deemed rejected on the 30th day, without the need of judicial action, unless the Court orders otherwise.[3] Furthermore, Petitioner is **WARNED that continuing to filing habeas petitions will result in an increased fine.**

*Alexander*, 121 F.3d at 316.

---

[3] The Court will still read any habeas petition that Petitioner files, so that Petitioner does not lose the benefit of a decision made retroactive by the Supreme Court. However, the Court will not necessarily address the habeas petitions that Petitioner may file and this is NOT an invitation to continue filing.

5

The Court views these sanctions as appropriate and necessary to combat the frivolous, meritless filings[4] by Petitioner. The Court's time and resources are valuable. Petitioner has continued to abuse the Court's time and resources by filing another "sovereign citizen" habeas petitions, despite being warned not to do so. Petitioner filed this claim only nineteen days after his previous petition was denied. This is Petitioner's third "sovereign citizen" habeas petition in two months.[5]

Furthermore, the Court believes strong sanctions are necessary because Petitioner does not seem inclined to stop filing more petitions on his own accord. Petitioner filed this Petition despite being warned of sanctions, showing he is not heeding the advice of the Court. Additionally, general deterrence usually does not work on "sovereign citizens" because they believe the law and government are invalid and they cannot be held accountable for violating said laws. Charles E. Loeser, Comment, From Paper Terrorists to Cop Killers: The Sovereign Citizen Threat, 93 N.C. L. Rev. 1106, 1130 (2015). Therefore, without these sanctions, the Court believes Petitioner will continue to file frivolous "sovereign citizen" habeas petitions and the Court refuses to keep entertaining these frivolous claims.

---

[4] The Court considers these frivolous claims to be approaching the realm of "paper terrorism," which many "sovereign citizens" participate in. Charles E. Loeser, Comment, From Paper Terrorists to Cop Killers: The Sovereign Citizen Threat, 93 N.C. L. Rev. 1106, 1109 (2015). "Paper terrorism" is the filing of false liens and frivolous claims against public officials. *Id*. at 1109 n. 19.

[5] Petitioner filed his first "sovereign citizen" habeas petition on August 9, 2016. *Moose v. United States*, No. 1:16-cv-01296-JES (C.D. Ill. Aug. 19, 2016). Judge Shadid denied his petition on August 19, 2016. *Id*. Petitioner filed his second "sovereign citizen" habeas petition on September 15, 2016. *Moose v. United States*, No. 1:16-cv-01347-JBM (C.D. Ill. Sept. 29, 2016). This Court denied it on September 29, 2016. Petitioner filed his current Petition on October 17, 2016.

## Conclusion

For the reasons stated above, the Petition (Doc. 1) is DENIED. Petitioner is assessed a $500 fine. The Clerk is to notify the Bureau of Prisons of this fine. A *Mack* order is ENTERED. This fine must be paid before any other civil litigation brought by Mr. Moose is allowed to be filed in this Court. Any further habeas actions in this Court will be summarily dismissed thirty days after filing unless otherwise ordered by the Court. The Clerk is requested to mail plaintiff a copy of this order.

CASE TERMINATED.

IT IS SO ORDERED.

Entered this _25th_ day of October, 2016.

                                                s/ Joe B. McDade
                                                JOE BILLY McDADE
                                    United States Senior District Judge