## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| THIRPLUS MOOSE, | )<br>) |
| Petitioner, | )<br>) |
| v. | ) Case No.   1:16-cv-01403-JBM<br>) |
| J.E. KRUEGER, | )<br>) |
| Respondent. | ) |

## ORDER & OPINION

This matter is before the Court on Petitioner's Motion for Relief from a Judgment or Order pursuant to Fed. R. Civ. P. 60(b). (Doc. 4). For the reasons explained below, the motion is denied.

Petitioner pleaded guilty to conspiracy to commit bank robbery (Count 1), armed bank robbery with forcible restraint (Count 2), and using and carrying a firearm during and in relation to a crime of violence (Count 5). Petitioner was sentenced by the United States District Court for the Western District of Missouri to a total of 420 months of incarceration.[1] Under the terms of the plea agreement, Petitioner waived his right to appeal his conviction or sentence, and the waiver was upheld on direct appeal.

---

[1] Petitioner received a 60 month sentence on Count 1 to be served concurrently with Counts 2 and 5. Petitioner received a 300 month sentence on Count 2 to be served consecutively with Count 5. Petitioner received a 120 month sentence on Count 5 to be served consecutively with Count 2. This equals a total of 420 months of incarceration.

Petitioner then filed three petitions for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. See *Moose v. United States*, No. 16-cv-01296-JES (C.D. Ill. Aug. 19, 2016); *Moose v. United States*, No. 16-cv-01347 (C.D. Ill Sept. 28, 2016); *Moose v. Krueger*, No. 16-cv-01403 (C.D. Ill. Oct. 25, 2016). All three argued that the United States did not have jurisdiction over him during his arrest, sentencing, and confinement because the "Governor of Missouri Republic must consent to cession of jurisdiction." (Doc. 2 at 3). All were denied, because it is clearly established that the laws of the United States apply to all persons within its borders, including Petitioner. *United States v. Phillips*, 326 F. App'x 400, 400 (7th Cir. 2009). Petitioner was warned after his second habeas petition that he would receive sanctions if he filed another "sovereign citizen" habeas petition. (Doc. 2 at 7). Petitioner failed to heed the Court's warning and his third petition resulted in Petitioner receiving sanctions for his frivolous filings. *Id.*

On November 7, 2016, Petitioner filed a Motion for Reconsideration of the Court's decision in his third habeas petition. He asserts that he did not file another "sovereign citizen" habeas petition. (Doc. 4 at 1). Rather, he asserts that his petition only stated that "the United States [did] not hav[e] criminal jurisdiction over the lands of where the alleged crime(s) occurred . . . . By not filing a notice of acceptance with the Governor of State." Whether Petitioner choses to use the term "sovereign citizen" or not, that is precisely what Petitioner's claims are. *United States v. Davis*, 545 F. App'x 513, 518 (7th Cir. 2013) ("And, finally, [defendant] argues . . . that the district court lacked subject-matter jurisdiction over his criminal case. That contention reflection his 'sovereign citizen' beliefs and is frivolous.").

Additionally, Petitioner asserts that he is not challenging the Court's current jurisdiction over him, but rather that the "land and/or property where the underlying incident allegedly occurred, [does not lie] within the criminal jurisdiction of federal courts under 18 U.S.C. § 3112(a)." (Doc. 4 at 2). The Court rejected this argument in its Order because the laws of the United States apply to all persons within its borders. *United States v. Phillips*, 326 F. App'x 400 (7th Cir. 2009) ("This argument is frivolous: a district court has personal jurisdiction over any defendant brought before it on a federal indictment charging a violation of federal law.").

Petitioner's Motion does not assert under which rule he is bringing his Motion for Reconsideration. Because he filed within twenty-eight days of the Court's denial of his Petition for Writ of Habeas Corpus, the Court considers his Motion for Reconsideration to be one under Fed. R. Civ. P. 59(e).

A request to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant clearly establishes that the court made a manifest error of law or fact, or presents newly discovered evidence. *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)). A manifest error is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks omitted). A movant may not advance in a Rule 59(e) motion arguments he should have raised before judgment was entered. *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007). Petitioner does not establish here a manifest error of law or fact or present any newly discovered evidence. Courts have original jurisdiction over "all offenses against the laws of the United States." 18 U.S.C. § 3231; *see also United States v.*

*Hornback*, Nos. 3:10-CR-13-DCR-REW, 3:13-CV-7296-DCR-REW, 2014 U.S. Dist. LEXIS 83586, *24 (E.D. Ky. May 6, 2014) (citing *United States v. Sitton*, 968 F.2d 947, 953 (9th Cir. 1992)) ("This argument is patently meritless. Federal courts have exclusive jurisdiction over offenses against the laws of the United States under 18 U.S.C. § 3231 and the permission of the states is not a prerequisite to that jurisdiction.").

Furthermore, Petitioner's argument that there was no jurisdiction pursuant to 40 U.S.C. § 3312 does not prove that there was a manifest error of law. Section 3312 establishes laws for creating federal land. Petitioner was arrested for conspiring to rob a bank, which was not located on federal land. Therefore, 40 U.S.C. § 3312 has no application here. *See Hornback* at *27 n. 11; *see also Thomas v. United States*, Nos. 8:13-CV-215-T-15Map, 8:07-CR-203-T-27MAP, 2013 U.S. Dist. LEXIS 130123, at *2 (M.D. Fla. Sept. 11, 2013) (finding a similar claim "completely frivolous" and that § 3112 has "nothing to do" with cases, like here, whose jurisdiction rests on § 3231). The Court did not make a manifest error of law; therefore, Petitioner failed to satisfy the requirements for a Rule 59 Motion for Reconsideration.

IT IS THEREFORE ORDERED that Petitioner's Motion for Reconsideration (Doc. 4) is DENIED.

Entered this _10th__ day of November, 2016.

    s/ Joe B. McDade
    JOE BILLY McDADE
    United States Senior District Judge