E-FILED
Wednesday, 21 December, 2016  10:02:55 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| THIRPLUS MOOSE, | ) |
| Petitioner, | ) |
| v. | ) Case No. 1:16-cv-01403-JBM |
| J.E. KRUEGER, Warden, | ) |
| Respondent. | ) |

# ORDER & OPINION

This matter is before the Court on Petitioner Thirplus Moose's Motion for Leave to Appeal in forma pauperis. (Doc. 15). For the reasons that follow, Petitioner's motion is denied.

### BACKGROUND

Petitioner pleaded guilty to conspiracy to commit bank robbery (Count 1), armed bank robbery with forcible restraint (Count 2), and using and carrying a firearm during and in relation to a crime of violence (Count 5). Petitioner was sentenced by the United States District Court for the Western District of Missouri to a total of 420 months of incarceration. Under the terms of the plea agreement, Petitioner waived his right to appeal his conviction or sentence, and the waiver was upheld on direct appeal.

On August 9, 2016, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. *Moose v. United States*, No. 16-cv-01296-JES (C.D. Ill. Aug. 19, 2016). The petition raised several challenges to the jurisdiction of the United

States to indict, sentence, or imprison him; all of the challenges were based on his status as a "Private Aboriginal Indigenous Moorish American National . . . of sentient capacity . . . ." *Id.* On August 19, 2016, the Court denied Petitioner's frivolous petition, because the laws of the United States apply to all persons within its borders. *Id.* (*citing United States v. Phillips*, 326 F. App'x 400 (7th Cir. 2009) (noting that district courts have jurisdiction over defendants brought on charges of violations of federal law and rejecting "sovereign citizen" arguments as frivolous)).

On September 15, 2016, less than a month after the court rejected Petitioner's § 2241 claim, Petitioner filed an "Emergency Petition for Constitutional Writ of Habeas Corpus" pursuant to 28 U.S.C. § 2242. Compl., *Moose v. United States*, No. 16-cv-01347 (C.D. Ill. Sept. 28, 2016). Again, Petitioner made frivolous "sovereign citizen"[1] claims, which primarily consisted of random legal quotations without explanation or legal argument. *See id.* The Court deciphered from the quotations that Petitioner's main argument was that there was no jurisdiction over the land where petitioner was arrested. *Id.* at 7. Specifically, Petitioner argued that the government did not have jurisdiction over the land where he was arrested because the Governor

---

[1] Although Petitioner did not use the term "sovereign citizen" the Court labeled his claim as such because of the substance of Petitioner's argument. "Sovereign citizens believe the government is operating outside of its jurisdiction and generally do not recognize federal, state, or local laws, policies, or government regulations." Federal Bureau of Investigations, Sovereign Citizens: An Introduction for Law Enforcement 1 (2010), *available at*: http://www.mschiefs.org/wp-content/uploads/2012/05/Sovereign_Citizens_Intro_For_LE.pdf. Petitioner's main argument is that the federal government was operating outside its jurisdiction because the Missouri governor did not cede jurisdiction over the land where he was arrested to it and, therefore, the government did not have jurisdiction to arrest him. The Court labeled it a "sovereign citizen" argument based on its substance and not the technically language Petitioner employed.

2

of Missouri did not cede jurisdiction to the federal government pursuant to 40 U.S.C. § 3112. *Id.* at 12.

Again, the Court denied Petitioner's claims. The Court explained that the laws of the United States apply to all persons within its borders, including Petitioner. Op., *Moose*, No. 16-cv-01347, at 5 (citing *United States v. Phillips*, 326 F. App'x 400 (7th Cir. 2009)). The Court explained that it considered these types of claims to be "sovereign citizen" arguments and that they have no merit. *Id*. Furthermore, the Court warned Petitioner that making future "sovereign citizen" claims would result in the type of sanctions imposed by the Seventh Circuit Court of Appeals in *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997). *Moose*, No. 16-cv-01347, at 5.

On October 17, 2016, just nineteen days after receiving his warning from the Court, Petitioner filed another habeas corpus Petition. (Doc. 1). Again, Petitioner brought forth the same claims that he had brought the two previous times. *Id*. at 1. Petitioner claimed again that there was no jurisdiction over the land where he was arrested because the Governor of Missouri did not cede jurisdiction to the federal government pursuant to 40 U.S.C. § 3112. *Id*. This was identical to the argument the Court had previously rejected and that the Court had warned Petitioner from making again.

Again, the Court rejected the argument. (Doc. 2 at 4). Because Petitioner chose to ignore the Court's warning and file another habeas petition, which brought forth the same frivolous arguments that had already been rejected twice, the Court sanctioned Petitioner with the same sanctions imposed by the Seventh Circuit Court of Appeals in *Alexander*, 121 F.3d at 315. (Doc. 2 at 5).

On November 7th, Plaintiff filed a Motion for Reconsideration. (Doc. 4). Petitioner argued that he did not file another "sovereign citizen" petition; rather, he only argued that there was no jurisdiction over the lands where he was arrested pursuant to 40 U.S.C. § 3112 because the Governor of Missouri had not ceded jurisdiction of that land. *Id*. at 1.

The Court denied Petitioner's Motion for Reconsideration, because Petitioner was not arguing that the Court had made a manifest error of law or fact. (Doc. 5 at 3-5). Nor was Petitioner arguing that there was newly discovered evidence. *Id*. Rather, Petitioner was making the same argument that the Court had rejected three previous times and that the Court had warned Petitioner against making again. *Id*. The Court explained, again, that 40 U.S.C. § 3112 was not the applicable statute, because § 3112 establishes the law for creating federal land and plaintiff was not arrested on federal land. *Id*. Therefore, the Court rejected Petitioner's Motion for reconsideration. *Id*.

On November 18, 2016, Petitioner filed a Notice of Appeal. (Doc. 6). Petitioner is appealing the Court's decision in its rejection of his Petition for Habeas Corpus. *Id*. Petitioner is also appealing the denial of the Motion for Reconsideration and the sanctions the Court imposed. *Id*.

On December 9, 2016, Petitioner filed a Motion for Leave to Appeal in forma pauperis. (Doc. 15).

## LEGAL STANDARDS

Under 28 U.S.C. § 1915(a), an indigent prison litigant may pursue an appeal by filing an affidavit that includes a statement of all assets such prisoner possesses, and affirms that the prisoner is unable to pay court fees or provide security therefor.

4

The affidavit must also state the nature of the appeal and the affiant's belief that he is entitled to redress. The prisoner must also submit a certified copy of his trust fund account statement (or institutional equivalent) for the six month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. Section 1915(a)(3) also explicitly provides an "appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." An appeal is taken in good faith if "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

## DISCUSSION

Although Petitioner has complied with a number of the requirements of § 1915(a), his motion does not fully comply with all of them. He has prepared the necessary affidavit affirming that he is unable to pay court fees, he has provided a statement of all of his assets, and he has indicated the nature of his appeal and stated his belief that he is entitled to redress. Petitioner has not, however, attached a certified copy of his trust fund account statement for the six months preceding the appeal. He has failed to attach any documentation about his trust fund account. (*See* Docs. 15 & 16).

Ordinarily, the Court would direct the Clerk to request a certified copy of Petitioner's prison trust fund account statement, and defer ruling on the Motion for Leave to Proceed in forma pauperis until it received such a copy. Here, however, it is prudent to consider first whether Petitioner's appeal is taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

The Court finds that Petitioner's appeal is not taken in good faith because he seeks to argue the same sovereign citizen argument that the Court has now rejected four times and for which no reasonable person could find merit. Petitioner argues again that the government did not have jurisdiction over the land where he was arrested pursuant to 40 U.S.C. § 3112 because the Governor of Missouri did not cede jurisdiction. (Doc. 15 at 2). Petitioner also argues that because of this, the Western District of Missouri was without jurisdiction to try and sentence him. *Id*. at 4.

The Court has rejected Petitioner's § 3112 argument four times now because it is meritless. Section 3112 establishes the procedure for the federal government to acquire specifically identifiable land from states. In acquiring the identifiable land, the federal government also acquires the residual powers, which usually belong to the states, when the state cedes jurisdiction. *United States v. Kahn*, 304 F. Supp. 2d 1353, 1357-58 (M.D. Fla. 2004). Therefore, 40 U.S.C. § 3312 affects "only the manner in which the federal government acquires some or all of the residual powers normally exercised by the state with respect to a particular piece of land. It does not, as [Petitioner contends], affect the federal government's ability to exercise the enumerated powers constitutionally delegated to it by each of the several states with respect to any land anywhere within these states, that is to say the United States." *Kahn*, 304 F. Supp. 2d at 1358.

Congress's power to enact federal criminal law comes from the Constitution. Article I, Section 8, the "Necessary and Proper Clause," gives Congress the power to "make all laws which shall be necessary and proper for carrying into execution the foregoing powers, and all other powers vested by this Constitution in the government

6

of the United States . . . ." U.S. Const. art. I, § 8. This gave Congress the authority to laws that create, define, and punishing crimes, irrespective of where they were committed. Congress then created 18 U.S.C. § 3231, which gives the district courts original jurisdiction over "all offenses against the laws of the United States." *United States v. Owens*, No. 1:08CR89, 2009 U.S. Dist. LEXIS 7945, at *12-13 (N.D. W.V. Jan. 23, 2009) ("There is no basis for the claim that federal criminal jurisdiction is limited to the District of Columbia and United States territorial possessions and ceded territories."); *see also United States v. Jerdine*, No. 1:08-CR-00481, 2009 U.S. Dist. LEXIS 132021, at *18 (N.D. Oh. Feb. 18, 2009) (citation omitted) ("Moreover, Article I, Section 8 of the United States Constitution grants Congress the power to create, define, and punish crimes irrespective of where they are committed."). Congress has also passed 18 U.S.C. § 3041, which states that for "any offense against the United States, the offender may . . . be arrested" and allows for various federal or state officials to arrest the offender. These statutes show that Congress has used its Constitutional power to create, define, and punish crimes. They also provide the basis for Petitioner's arrest, plea hearing, and sentencing. Petitioner's arguments to the otherwise are meritless.

Petitioner also argues that a 1947 United States Supreme Court case provides precedent for his interpretation of § 3112. (Doc. 15 at 3). The Court disagrees and finds the case distinguishable. In *Adams v. United States*, the Supreme Court was asked to determine the narrow issue of whether there was jurisdiction for the trial of three soldiers accused of raping a civilian woman on a military base. 319 U.S. 312, 312 (1943). However, because Petitioner was not convicted of a maritime crime nor

7

did he commit his offense on a military base, Petitioner's argument is meritless. *See Abril-Pérez v. United States*, Nos. 14-1350 (JAF), 10-251-26, 2014 U.S. Dist. LEXIS 88159, *3-4 (D.P.R. June 25, 2014) ("This reliance is misplaced. *Adams* is about the narrow issue of whether a rape that occurred at a government military camp could be tried as a federal crime, although the government had not accepted jurisdiction over the camp as was required by statute. Unlike *Adams*, Abril-Pérez's case does not involve military property or property over which the government was required to formally accept jurisdiction."); *United States v. Genard*, No. 07-136, 2007 U.S. Dist. LEXIS 62635, at *2 n.1 (E.D. La. Aug. 16, 2007) (rejecting the application of *Adams* to a criminal trial for failure to file income tax returns); *Taylor v. United States*, Nos. 1:09-cv-24; 1:04-cr-177, 2009 U.S. Dist. LEXIS 55334, at *7 (E.D. Tenn. June 29, 2009) ("*Adams* has no applicability to the instant case involving an indictment for a federal offense which occurred in the State . . . ."); *United States v. Whitlow*, No. 4:14-CR-3015, 2016 U.S. Dist. LEXIS 144054, at *3-4 (D. Neb. Oct. 18, 2016) ("But this case does not deal with property over which the government was required to accept jurisdiction, and the Court has original jurisdiction over all violations of federal law. *Adams* is not applicable here.").

It is clear that there was jurisdiction over Petitioner both when he was arrested and while he was sentenced. Therefore, Petitioner's argument must be rejected as meritless. Furthermore, this argument has been rejected as meritless not just in this Court, but in courts around the country. *Kahn*, 304 F. Supp. 2d at 1358 (explaining that the "Government is not required to obtain a 'notice of acceptance' with respect to the land on which the prohibited activity occurred for jurisdiction to inure . . . .");

8

*United States v. Perkins*, Nos. 1:05-CR-135 & 1:07-CV-679, at * 11-20, 2008 U.S. Dist. LEXIS 125093 (N.D. Oh. July 24, 2008) (finding that any argument that there was no jurisdiction over the land where a federal crime was committed or with the courts because of 40 U.S.C. § 3112 is meritless); *United States v. Hornback*, Nos. 3:10-CR-13-DCR-REW, 3:13-CV-7296-DCR-REW, 2014 U.S. Dist. LEXIS 83586, *24 (E.D. Ky. May 6, 2014) (citing *United States v. Sitton*, 968 F.2d 947, 953 (9th Cir. 1992)) ("This argument is patently meritless. Federal courts have exclusive jurisdiction over offenses against the laws of the United States under 18 U.S.C. § 3231 and the permission of the states is not a prerequisite to that jurisdiction."); *Thomas v. United States*, Nos. 8:13-CV-215-T-15Map, 8:07-CR-203-T-27MAP, 2013 U.S. Dist. LEXIS 130123, at *2 (M.D. Fla. Sept. 11, 2013) (finding a similar claim "completely frivolous" and explaining that § 3112 has "nothing to do" with cases, like here, whose jurisdiction rests on § 3231); *Aquino v. United States*, Nos. 12-CV-4964, 09-CR-555, 2013 U.S. Dist. LEXIS 64471, at *7 (S.D.N.Y. May 6, 2013) (rejecting as frivolous an argument that New York and New Jersey were not subject to federal criminal statutes because the government did not follow § 3112).

Therefore, no reasonable person could suppose that Petitioner's habeas corpus argument could have merit. Because a reasonable person could not suppose that the appeal has some merit, the Court concludes that Petitioner's appeal is not taken in good faith. *See Walker*, 216 F.3d at 632; 28 U.S.C. § 1915(a)(3).

## CONCLUSION

For the foregoing reasons, Petitioner's Motion for Leave to Appeal In Forma Pauperis (Doc. 15) is DENIED. Pursuant to Federal Rule of Appellate Procedure

9

24(a)(4) the Clerk is ordered to immediately notify the parties and the Seventh Circuit Court of Appeals that this Court has denied Petitioner's motion and has certified that the appeal is not taken in good faith because it is without merit.

Entered this _20th_ day of December, 2016.

                                                    s/ Joe B. McDade
                                                    JOE BILLY McDADE
                                      United States Senior District Judge